UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JEFFREY GIBSON,                              )<br>　　　　　Plaintiff,                          )<br>                                                            )<br>　　v.                                                  )　　C.A. No.  05-11228-JLT<br>                                                            )<br>U.S. COURT OF APPEALS, ET AL.,     )<br>　　　　　Defendants.                       )  | |

## MEMORANDUM AND ORDER

TAURO, D.J.

　　For the reasons stated below Plaintiff's Motion for Leave to Proceed *in forma pauperis* is denied and this action is dismissed.

## BACKGROUND

　　On May 1, 2005, Plaintiff Jeffrey Gibson, of Harrisburg, PA, filed *pro se*, a request to proceed *in forma pauperis*, and a motion to this Court and the First Circuit Court of Appeals, accompanied by numerous exhibits. Plaintiff is seeking "a United States Constitutional Court to be head [sic] which would be one of two constitutional court [sic]." Motion, ¶ 2. He requests two district judges and one First Circuit appellate judge for one panel, and three district judges and three appellate judges for a second panel. Id.  He also seeks to re-open his case in the U.S. Court of Appeals for the Third Circuit [Case No. 04-3119]. Id. The documents attached to this motion reveal that Plaintiff's appeal was dismissed and the Third Circuit Court of Appeals has denied any request for rehearing in that action.

　　A review of the pleadings reveals that in 2003, Plaintiff had filed a suits in the Middle District of Pennsylvania against the Susquehanna Township, alleging the Township unconstitutionally taxed land owned by black people. See Gibson v. Susquehanna Township, Civil Action 1:CV-03-1108.  On July 11, 2003, U.S. District Judge William W. Caldwell

dismissed the action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief could be granted. Judge Caldwell also certified that any appeal of the order would not be taken in good faith.

Thereafter, Plaintiff filed another suit against multiple federal judges, the United States Attorney General, a federal court clerk and unnamed United States Attorney, and every state of the United States of America, alleging that the defendants conspired to defraud him "and all blacks and colored people [sic]" by failing to issue requested subpoenas and through the issuance of a "Black Tax." See Gibson v. Marcia M. Waldron, et al., Civil Action 1:CV-05-532 (Yvette Kane, J.) Order at 2. In that action, Plaintiff also alleged that the Susquehanna Township Police ordered him to register his bicycle. Id. Plaintiff sought eleven million dollars, and the Township's tax records from 1952 to date, in order to put an "End to all Color and Black Taxes" Id.

On March 30, 2005, the Judge Kane dismissed Plaintiff's action pursuant to 28 U.S.C. § 1915(e)(2) ruling that Plaintiff had failed to state a claim for which relief can be granted. Id. at 3. Plaintiff unsuccessfully sought appellate review of both district court cases in the Third Circuit.

Subsequently, Plaintiff has made further attempts for review, in this Court and others, including the First Circuit Court of Appeals. On May 5, 2005, the First Circuit Court of Appeals returned Plaintiff's materials, noting in the return letter that there was no appeal pending in that Court, and further suggesting the matter might be pursued with the Third Circuit Court of Appeals. See letter from Julie Gregg, Operations Manager.

On June 10, 2005, Plaintiff filed additional documents with this Court, with the express

purpose of supplementing his earlier submissions. These documents are copies, and are not entirely coherent. The first document states:

> I have been 'told' that the week before Dec/26/2004 United States Space Center, send [sic] up the bigges [sic] news rocket. An Astrophysic and Geophysic earth orbiting [unit.] That was [tested.] Did United States do this. and did something other natral [sic] force be at work.....Please note this is one time I would hope that is a natural force and not a Astrophysic, geophysic space firing unit.

Letter, docket #2.

Plaintiff then mentions an earthquake, the Indian Ocean and the rotational movement of the universe and solar system. He states:

> The Earth has natral [sic] earth doors that open each day and night 7 to 21 minus [sic] or longer, birds like Ridons and whales an [sic] others use them. Natral [sic] time doors open every 40 min. unisveral [sic] doors every 11 to 33 min. per total earth rotation. All natral [sic] doors can and do open at Earth to Earth at time and Earth to unisver [sic] and soon...

Id. at 2, ¶ 4. The rest of the submission discusses the universal rotation of the Earth and contains incoherent statements and mathematical and physics equations such as definitions of "energy", "space", "mass" and "gravitation." Id. at 5-8. Apparently, Plaintiff is attempting to "show how our universe was made and how it rotates." Id. at 6.

ANALYSIS

    I.    <u>Application to Proceed *In Forma Pauperis*</u>

Plaintiff has sought to proceed without prepayment of the $250.00 filing fee for civil actions. <u>See</u> 28 U.S.C. §§ 1914(a) (filing fees), 1915 (proceedings *in forma pauperis*). He has not provided an original, signed affidavit of his assets, and therefore the motion for leave to proceed *in forma pauperis* is denied. Additionally, the motion for leave to proceed is moot in view of this Memorandum and Order directing dismissal of this action, for the reasons set forth

below.

    II.    <u>This Action is Subject to Screening</u>

Because Plaintiff has sought to proceed *in forma pauperis*, this Court may screen the action under 28 U.S.C. § 1915.  Section 1915, authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of the filing fee if the action lacks an arguable basis either in law or in fact; <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989) (interpreting former § 1915(d)); if the action fails to state a claim on which relief may be granted; or if the Plaintiff seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).  *In forma pauperis* complaints may be dismissed *sua sponte* and without notice under Section 1915 if the claim is based on an indisputably meritless legal theory or factual allegations that are clearly baseless. <u>Id</u>.; <u>Denton v. Hernandez</u>, 504 U.S. 25, 32-33 (1992).

A district court may also dismiss a complaint *sua sponte,* regardless of whether or not payment of the filing fee has been received, where the allegations contained in the complaint, taken in the light most favorable to the plaintiff, are patently meritless and beyond all hope of redemption. <u>Gonzalez-Gonzalez v. United States</u>, 257 F.3d 31, 37 (1st Cir. 2001) (citations omitted); <u>cf.</u>, <u>Bell v. Hood</u>, 327 U.S. 678, 682-83 (946)(observing that dismissal for lack of subject-matter jurisdiction may result if the federal claim "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or...is wholly insubstantial and frivolous."); <u>Tyler v. Carter</u>, 151 F.R.D. 537, 540 (S.D.N.Y. 1993)(court could *sua sponte* dismiss complaint under standards for *in forma pauperis* actions even though plaintiff paid the filing fee).

    III.    <u>Plaintiff Fails to State a Claim Upon Which Relief May Be Granted</u>

Here, Plaintiff's action is patently meritless and must be dismissed *sua sponte*.

First, Plaintiff's claims about the rotation of the Earth, and such statements about birds and whales using natural "earth doors," apart from being mostly incoherent, are wholly extraneous and insubstantial to Plaintiff's request to re-open his prior Third Circuit case. They are plainly frivolous and lack an arguable basis in law or fact. See Neitzke, 490 U.S. at 327-328 (claims lack an arguable basis in fact when they describe fantastic or delusional scenarios); Denton, 504 U.S. at 33 (1992) (fantastic or delusional scenarios involve alleged facts that are irrational or wholly incredible).

Second, Plaintiff is essentially seeking review of issues related to his unsuccessful case in the District Court for the Middle District of Pennsylvania and the Third Circuit Court of Appeals, challenging Susquehanna Township's tax policies. As previously mentioned, those Courts have determined Plaintiff's claims fail to set forth a legally cognizable claim, and it appears the dismissal is final. Accordingly, this Court lacks jurisdiction to review (or convene a panel for review) of Plaintiff's previously litigated, and final claims. "The doctrine of *res judicata* bars all parties and their privies from relitigating issues which were raised or could have been raised in a previous action that has come to final judgment." U.S. v. Alkey Enterprises, Inc., 969 F.2d 1309, 1314 (1st Cir. 1992). See also In re Iannochino, 242 F.3d 36, 41 (1st Cir. 2001); Andrews-Clarke v. Lucent Technologies, Inc., 157 F. Supp. 2d 93, 99 (D. Mass. 2001).

Moreover, to the extent that Plaintiff seeks to sue the Third Circuit Court of Appeals, such claims are without merit, as the Court of Appeals is not a sueable entity. Such claims are really a suit against the United States, and as such, are barred by the sovereign immunity. It is well settled that the United States (through various branches and departments) enjoys immunity

from suit except in those instances in which it has expressly consented to be sued. United States v. Testan, 424 U.S. 392 (1976). Therefore, Plaintiff's claims must be dismissed.

Similarly, to the extent that Plaintiff is suing various federal judges, these claims also must be dismissed, because judicial officers are entitled to absolute judicial immunity for their actions taken with the scope of their jurisdiction. See, e.g., Mireles v. Waco, 502 U.S. 9, 11 (1991) (per curiam) ("[J]udicial immunity is an immunity from suit, not just from the ultimate assessment of damages); Pierson v. Ray, 386 U.S. 547, 554 (1967) ("[I]mmunity applies even when the judge is accused of acting maliciously and corruptly); Moore v. Brewster, 96 F.3d 1240, 1244 (9th Cir. 1996) (even where a party alleges that a judge conspired with another party to rule against him, such allegations do not pierce the immunity extended to judges).

Finally, to the extent that Plaintiff's submissions are interpreted as an attempt to have this Court review the decisions of any U.S. District Judge, this Court lacks jurisdiction to review such decisions. As the First Circuit noted in its return letter to Plaintiff, challenges to District Court rulings must be made directly to the appropriate Court of Appeals (here, Third Circuit). Plaintiff cannot bring a direct action in this Court. See 28 U.S.C. §§ 1291 (appeals from final decisions of district courts), 1292 (appeals from interlocutory orders of the district courts); Edwards v. Wilkenson, 233 F. Supp. 2d 34, 37 (D. D.C. 2002) ("Appealing to a higher court for relief is the only judicial procedure available to a litigant who seeks to challenge the legality of decisions made by a judge in her judicial capacity.").

Accordingly, Plaintiff has failed to state a claim upon which relief can be granted, and this action is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

CONCLUSION

Based on the above, it is hereby ORDERED:

1. Plaintiff's Motion for Leave to Proceed *in forma pauperis* is denied.

2. This action is dismissed in its entirety pursuant to 28 U.S.C. § 1915(e)(2).

Dated: August 2, 2005             /s/ Joseph L. Tauro
                                  JOSEPH L. TAURO
                                  UNITED STATES DISTRICT JUDGE